## Hepburn v. Stein et al.

*Elmer H. D. Weil*, for petitioner; *Barry H. Hepburn*, for respondents.

ALESSANDRONI, J., March 28, 1932.—The petition of the Leon Wiesen Building and Loan Association sets forth that the plaintiff foreclosed on a first mortgage in these proceedings against premises No. 1314 Bainbridge Street and damages were assessed in the amount of $1168.78; that it holds a second mortgage on the premises, and that on December 7, 1931, the property was exposed for sale by the sheriff and was purchased by the plaintiff for the sum of $1800; that the petitioner's attorney was unable to attend the sale because of a sudden attack of illness, and, therefore, was unable to bid to protect its

mortgage; that the premises are worth considerably more than the price of $1800 and the petitioner is prepared to bid up to $3800 for the property if afforded an opportunity. No answer was filed to the petition and its averments must, therefore, be taken to be true.

Under this state of the facts and in order to prevent any injustice being done, we feel that the sheriff's sale should be set aside and an opportunity afforded the petitioner to properly protect its interests. Proper security, however, should be entered: McCallum Hosiery Co. v. Evans (No. 2), 26 Dist. R. 983.

And now, to wit, March 28, 1932, the rule to set aside the sheriff's sale on premises No. 1314 Bainbridge Street, Philadelphia, Pa., held on December 7, 1931, and to again expose the property to sale is hereby made absolute, conditioned, however, upon the petitioner filing a proper bond in the amount of $3800 within ten days from the date of this order, covenanting that the petitioner will bid at a sheriff's sale for the aforesaid premises a sum up to the amount of $3800, and that settlement will be made for the property in accordance with the terms of the sheriff's sale, if purchased by the petitioner; otherwise, rule discharged.